# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BETTY R. HEROLD,

    Plaintiff,

v.

ONE WEST BANK, *et al*.,

    Defendants.

Case No. 2:10-CV-02204-KJD-GWF

**ORDER**

    Before the Court is a Motion to Dismiss (#8) filed by Defendant Mortgage Electronic Registration System, Inc. ("MERS"). Also before the Court is a Motion to Dismiss (#9) filed by Defendant One West Bank, FSB ("OWB"). Plaintiff filed an opposition to the Motions (#10) and MERS and OWB (collectively "Defendants") filed a reply (#11).

I. Background

    Plaintiff purchased a home at 8380 Carmel Ridge Road in Las Vegas, Nevada (the "Property"). In December 2005, Plaintiff executed a Promissory Note in favor of Indymac Bank, FSB. The loan was originated by Kennedy Mortgage, a mortgage broker. The parties to the Note were Plaintiff listed as borrower and Indymac, FSB listed as lender. Plaintiff secured the Promissory Note with a Deed of Trust recorded on title to the Property. Ticor Insurance Company is the Trustee

identified on the Deed of Trust and MERS is named as a "nominee" for the lender on the Deed of Trust.

Plaintiff fell behind on her mortgage payments and unsuccessfully attempted to negotiate a short sale or loan modification. Plaintiff filed for Chapter 11 bankruptcy and included the Property as part of her reorganization. Plaintiff filed this action in December, 2010 and asserts causes of action for breach of contract, breach of the covenant of good faith and fair dealing, intentional or negligent misrepresentation, violation of the Nevada Deceptive Trade Practices Act (N.R.S. 598, *et seq.*). Plaintiff also seeks to quiet the title pursuant to N.R.S. 40.010 and seeks declaratory and injunctive relief.

## II. Analysis

### A. Legal Standard

In considering a motion to dismiss for failure to state a claim under FRCP 12(b)(6), "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir.1998). Consequently, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir.1997) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The *Iqbal* evaluation illustrates a two prong analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

B.  Breach of Contract

To state a claim for breach of contract in Nevada, a Plaintiff must demonstrate (1) the existence of a valid contract, (2) that plaintiff performed or was excused from performance, (3) that the defendant breached, and (4) that the plaintiff sustained damages.  See Calloway v. City of Reno, 1993 P.2d 1259, 1263 (2000).

Plaintiff attempts to base her breach of contract claim on the theory that Indymac was not the lender on the Trust Deed, but "merely advanced funds form investors."  According to Plaintiff, Indymac or its successor or assignee did not have the authority to provide notice of default and foreclosure sale.  The complaint fails to allege the existence of a valid contract between Plaintiff and Defendants OWB and MERS.  Plaintiff does not set forth any facts showing how Defendants breached a contract or what provision they breached.  Plaintiff does not aver that she has performed or is excused from performance on the contract.  Plaintiff's claim lacks sufficient factual matter to state any plausible claim for relief against the moving Defendants.  See Iqbal 129 S.Ct. At 1949; Fed. R. Civ. P. 8(a)(2).  Accordingly, Defendants' Motion to Dismiss the breach of contract claim is dismissed.

C.  Breach of the Covenant of Good Faith and Fair Dealing

In order to recover for breach of the implied covenant of good faith and fair dealing, a plaintiff must be in a contractual relationship with a defendant.  Hilton Hotels Corp. v. Butch Lewis Productions, Inc., 107 Nev. 226, 233 (Nev.,1991).  Accordingly, Plaintiff's claims for breach of the implied covenant of good faith and fair dealing are dismissed against the moving Defendants.

D.  Intentional or Negligent Misrepresentation

In their Motions to Dismiss, Defendants argued that the three-year statute of limitations for actions based on fraud barred these claims.  N.R.S. §11.190(3)(d).  Plaintiff provided no response to this argument in her opposition.  The Court finds that the argument has merit.  Failure to oppose this argument constitutes consent to granting of the motion.  See Local Rule 7-2.  Accordingly, Defendants' Motion to Dismiss the intentional and negligent misrepresentation claims is granted.

1   E.  Nevada Deceptive Trade Practices Act (N.R.S. 598, *et seq.*).

2   NRS 598D.100 prohibits lenders from making loans "without determining, using 3 commercially reasonable means or mechanisms, that the borrower has the ability to repay the home 4 loan." NRS 598D.100(1)(b).

5   Here, there is no allegation that MERS and OWB were involved in the origination of 6 Plaintiff's mortgage loan. A defendant who did not make the loan at issue cannot be subject to an 7 unfair lending practices claim. See e.g., Velasquez v. HSBC Mortgage Services, 2009 WL 2338852, 8 *3 (D.Nev.2009).

9   F.  Quiet Title

10   Under Nevada law, a quiet title action may be brought by someone who claims an adverse 11 interest in property. N.R.S. 40.010. "In a quiet title action, the burden of proof rests with the plaintiff 12 to prove good title in himself." Breliant v. Preferred Equities Corp., 918 P.2d 314, 318 (Nev. 1996). 13 Specifically, when an adverse claim exists, the party seeking to have another party's right to property 14 extinguished, must overcome the "presumption in favor of the record titleholder." Id. (citing Biasa v. 15 Leavitt, 101 Nev. 86, 692 P.2d 1301, 1304 (Nev.1985).  Courts of this District have held that an 16 action for quiet title "should be dismissed where plaintiff's claim is not based on a cognizable legal 17 theory." Manderville v. Litton Loan Servicing, 2011 WL 2149105, at *3 (D.Nev. May 31, 2011) 18 (internal quotation marks omitted).

19   Plaintiff claims to only quiet title against Defendants and "not necessarily with respect to the 20 true owner of the Note and Trust Deed."  Plaintiff has not discharged the debt owed on the mortgage 21 and, accordingly, cannot quiet title. See Fuleihan v. Wells Fargo, 2010 WL 3724186 at *5 (D.Nev. 22 2010) (a borrower cannot quiet title to a property without discharging any debt owed).  Further, 23 Plaintiff's basis for claiming "better title" is that securitization somehow altered her obligation to pay 24 her mortgage.  This argument is unrecognized in law.  See e.g. Chavez v. California Reconveyance 25 Co., 2010 WL 2545006, 2 (D.Nev. 2010) (rejecting identical argument because "NRS 107.080 does 26 not forbid the securitization of a loan.").  Accordingly, the quiet title claim fails.

4

G. Declaratory/Injunctive Relief

Declaratory relief is not a separate cause of action or an independent ground for relief. See In re Wal–Mart Wage & Hour Employ. Practices Litig., 490 F.Supp.2d 1091, 1130 (D.Nev. 2007) (dismissing the count for injunctive relief because it was not an independent ground for relief or a separate cause of action).  Since the Court has dismissed each of Plaintiff's underlying claims, she is not entitled to declaratory or injunctive relief.

III.  Conclusion

**IT IS HEREBY ORDERED THAT** the Motion to Dismiss (#8) filed by Defendant Mortgage Electronic Registration System, Inc. is **GRANTED**.

**IT IS FURTHER ORDERED THAT** the Motion to Dismiss (#9) filed by Defendant One West Bank, FSB is **GRANTED**.

DATED this 29th day of September 2011.

_____
Kent J. Dawson
United States District Judge